UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PATRICIA COTTERMAN-HENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No.: 3:09-CV-533 |
| | ) | (VARLAN/SHIRLEY) |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned for disposition of Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 23, 24] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 25, 26]. Plaintiff Patricia Cotterman-Henson seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner").

Patricia Cotterman-Henson, *a.k.a.* Patricia Henson, filed her application for a period of disability and disability insurance benefits under the Act on December 1, 2005, alleging disability since June 20, 2003, due to pain in her lower back, left hip and leg, and right arm. Her application was denied initially and upon reconsideration. Plaintiff then requested a hearing, which was held before Administrative Law Judge (ALJ) Robert L. Erwin, in Knoxville, Tennessee, on November 7, 2007. Ms. Cotterman-Henson was

present and testified. The ALJ issued an unfavorable decision on March 13, 2008, finding the claimant capable of light exertion. The Appeals Council denied Plaintiff's request for review of that decision.

Plaintiff challenged the Agency's decision and filed this case on December 7, 2009. Plaintiff argued that the evidence submitted to the Appeals Council constituted new and material evidence, and that Plaintiff had good cause for not submitting it sooner. This Court agreed, and remanded Plaintiff's claim for consideration of the new and material evidence. [Docs. 15, 16]. A second hearing was held on August 6, 2012, with Plaintiff again present and represented by counsel.

The Appeals Council denied the Plaintiff's request for review; thus, the decision of the ALJ became the final decision of the Commissioner. The Plaintiff now seeks judicial review of the Commissioner's decision.

I.  ALJ FINDINGS

> The ALJ made the following findings:
>
> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2009.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. Since the alleged onset date of disability, June 20, 2003, the claimant has had the following severe impairments: status post right humerous fracture in remote past; asthma; depression; back pain; status post myocardial infarction in 2007. Beginning on the established onset date of disability, March 30, 2010, the claimant has had the following severe impairments: chronic obstructive pulmonary disease; status

2

post right humerus fracture in remote past; asthma [sic]; depression; back pain; status post myocardial infarction in 2007 (20 CFR 404.1520(c) and 416.920(c)).

4. Since the alleged onset date of disability, June 20, 2003, the claimant has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that prior to March 30, 2010, the date the claimant became disabled, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can only occasionally climb, stoop, bend, and crouch; can never crawl or kneel on her left knee; can stand or walk for six hours in an eight hour day for 30 minutes at a time; and can occasionally reach above her shoulder with her right arm. Mentally, she is able to understand, remember and complete detailed tasks on a regular and continual basis with occasional difficulty sustaining concentration, persistence and pace. She is able to interact with small groups, one on one and occasional or superficial, not continual, general public interaction. She has no major problems with supervisors or coworkers. She is able to adapt to routine, not frequent or fast-paced change. She can avoid major hazards and take most transportation independently and is able to set and carry out most long-range goals with only occasional assistance.

6. After careful consideration of the entire record, the undersigned finds that beginning on March 30, 2010, the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she is able to lift and carry up to 20 pounds frequently and 50 pounds occasionally; sit for two hours at a time for a total of four hours in an eight hour day; stand for two hours at a time for a total of four hours in an eight hour day; stand for two hours at a time for a total of three hours in an eight hour day; walk for one hour in an eight hour day; occasionally use her right hand to reach overhead and reach

in all other directions; frequently use her right hand to handle, finger, feel, and push/pull; frequently use her left hand to reach overhead and otherwise and to handle, finger, feel, and push/pull; can continuously use her feet; can occasionally balance, stoop, kneel and crouch; never work around unprotected heights; occasionally be exposed to moving mechanical parts, operate a motor vehicle, be exposed to humidity[,] wetness, dust, odors, fumes and pulmonary irritants, temperature extremes and vibrations; and requires oxygen 24 hours a day, seven days a week. Mentally, she has mild to moderate limitations in her abilities to understand, remember, carry out and make judgments on complex work-related decisions; and moderate limitations in her ability to interact appropriately with the public, supervisors, co-workers and to respond appropriately to usual work situations and to changes in a routine work setting.

7. Since June 20, 2003, the claimant has been unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

8. Prior to the established disability onset date, the claimant was younger individual age 18-49. Since the established disability onset date, the claimant's age category has changed to an individual closely approaching advanced age (20 CFR 404.1563 and 416.963).

9. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

10. Prior to March 30, 2010, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills. Beginning on March 30, 2010, the claimant has not been able to transfer job skills to other occupations (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

11. Prior to March 30, 2010, considering the claimant's age, education, work experience, and residual functional capacity,

4

there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569, 404.1569a, 416.969, 416.969a).

12. Beginning on March 30, 2010, considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

13. The claimant was not disabled prior to March 30, 2010, but became disabled on that date and has continued to be disabled through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

14. The claimant was not under a disability within the meaning of the Social Security Act at any time through March 31, 2009, the date last insured (20 CFR 404.315(a) and 404.320(b)).

[Tr. 316].

## II. DISABILITY ELIGIBILITY

To qualify for SSI benefits, plaintiff must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a).

"Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or

5

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the

Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

### III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to

7

create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if his ultimate decision was supported by substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

On review, Plaintiff bears the burden of proving his entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

8

## IV. POSITIONS OF THE PARTIES

The Plaintiff argues that the ALJ erred in finding that Plaintiff's disability commenced as of her fiftieth birthday on March 30, 2010. Plaintiff argues that the ALJ did not cite any medical evidence showing a change in her residual functional capacity, as of that date, nor did he consult a medical expert on the issue. [Doc. 24 at 6].

The Commissioner responds that the evidence in the record supports a disability onset date of December 2011 or March 2012. The Commissioner argues that the ALJ gave the Plaintiff the benefit of the doubt by using the earlier date of March 30, 2010, which was Plaintiff's fiftieth birthday. The Commissioner argues that the Plaintiff was not harmed by the use of the earlier onset date. Alternatively, the Commissioner argues that the Plaintiff's argument is not persuasive because there is no evidence to support her proposed onset date of March 31, 2009. [Doc. 27 at 4-5].

## V. ANALYSIS

The sole issue presented in the instant appeal is whether the ALJ's disability onset date is supported by substantial evidence. The finding regarding the onset date is, essentially, the date on which the Plaintiff's residual functional capacity declined to the level at which she could no longer perform work available in the economy under the dictates of the applicable statutes.

The Court of Appeals for the Sixth Circuit has explained the parameters of review in such cases:

> In cases contesting the onset of disability, the issue is whether there is substantial evidence in the record to support the

> Secretary's findings of when a claimant's disability began. Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (per curiam). The claimant must prove that he became disabled prior to the date selected by the Secretary. Foster v. Bowen, 853 F.2d 483, 489 (6th Cir. 1988). The Secretary is not required to refute evidence that another onset date of disability could have been chosen, Blankenship v. Bowen, 874 F.2d 1116, 1121 (6th Cir. 1989) (per curiam) . . . .

Phillips v. Comm'r of Soc. Sec., 68 F.3d 475, *1 (Table) (6th Cir. Oct. 20, 1995). An ALJ is not required to disprove a possible earlier onset date – even if that earlier date is supported by substantial evidence – as long as the onset date he or she chooses is supported by substantial evidence. See Besaw v. Sec'y of Health & Human Servs., 966 F.2d 1028, 1030 (6th Cir. 1992).

The ALJ stated in his decision, "After careful consideration of all of the evidence, the Administrative Law Judge concludes that the claimant was not disabled prior to March 30, 2010, but became disabled on that date and has continued to be disabled through the date of this decision." [Tr. 313-14]. The Plaintiff argues that the ALJ's decision is not supported by substantial evidence. The Commissioner, apparently, concedes this point. Nowhere in the Commissioner's brief does she argue that the ALJ's decision is supported by substantial evidence. To the contrary, the Commissioner argues that "evidence does support either an onset date of December 2011, or March 1, 2012." [Doc. 26 at 4]. As the Commissioner points out, the Plaintiff's desire for remand in this case may back fire, so to speak, in that on remand the Commissioner may find that a later onset date is appropriate. It appears from her appeal that Plaintiff has decided that she

10

would like to assume such risk based upon the chance that she may be able to obtain an earlier onset date.

The Court has reviewed the ALJ's opinion to evaluate the ALJ's basis for determining March 30, 2010, was the onset date of Plaintiff's disability. The ALJ states simply that in reaching his conclusion about the Plaintiff's residual functional capacity he found "that beginning on March 30, 2010, the claimant's allegations regarding her symptoms and limitations are generally credible." [Tr. 323]. In support of this finding, the ALJ cites only to the Plaintiff's suggestion that her respiratory symptoms had worsened and the fact that on May 1, 2012, the Plaintiff was put on oxygen. [Id.]. The Court would note that in her testimony at the hearing the Plaintiff never mentioned March 30, 2010 – or even, for example, the Spring of 2010 or March 2010 – as a date or time at which her respiratory issues got worse. [Tr. 341-42].

The ALJ cites no evidence that supports his finding that on March 30, 2010, the Plaintiff's allegations became credible. The abrupt change in the Plaintiff's credibility is in sharp contrast to the ALJ's finding of a lack of credibility "prior to March 30, 2010," including references to her obtaining multiple narcotic prescriptions from different sources yet still reporting increased pain [Tr. 320]; the lack of objective or diagnostic evidence supporting her self-reported, disproportionate complaints of pain [Tr. 321]; and her ability to tend to household tasks [Tr. 322]. Without any citation to medical evidence, such as an MRI or objective examination, or any testimony, the Court cannot find that this abrupt about-face is supported by substantial evidence.

11

The Court agrees with the Commissioner, however, that there is not sufficient evidence in the record for this Court to decide, at this time, whether the Plaintiff should have been found disabled as of March 31, 2009. The Plaintiff primarily argues against the onset date determined by the ALJ and offers little to support the specified claimed onset date of March 31, 2009, citing the Court to general testimony that her breathing problems worsened around 2007 or 2006. [Tr. 341, 635]. This evidence alone is not sufficient to support the undersigned issuing an order amending the Plaintiff's onset date.

Based upon the foregoing, the Court finds that the Commissioner has not demonstrated that the ALJ's determination that the Plaintiff was disabled as of March 30, 2010, is supported by substantial evidence, nor can the Court find that the decision is supported by substantial evidence based upon the record before the undersigned. The Court, however, is not prepared to endorse the onset date purposed by the Plaintiff, because Plaintiff has also failed to cite evidence sufficient to determine whether she was disabled before March 30, 2010, and if so, the onset date. Therefore, the Court will remand this case with instructions to the Commissioner and the ALJ assigned to the matter to explain the substantial evidence, if any, supporting the onset date of March 30, 2010, or to revise the onset date to a date supported by substantial evidence, citing to specific evidence in the record.

## VI.     CONCLUSION

Accordingly, the Court finds that the evidence before the Court does not demonstrate that substantial evidence supports the ALJ's findings and conclusions. The Plaintiff's Motion For Summary Judgment **[Doc. 23]** is **GRANTED** and that the Commissioner's Motion for Summary Judgment **[Doc. 25]** is **DENIED**.

This case is **REMANDED** to the Commissioner. On remand, the Commissioner and the ALJ assigned to the matter must explain the substantial evidence, if any, supporting the onset date of March 30, 2010, or revise the onset date to a date supported by substantial evidence, citing to specific evidence in the record.

**IT IS SO ORDERED**.

ENTER:


s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE